**RICK L. EDWARDS,**
      Plaintiff,

    v.                                                                     Case No. 05-C-1206

**DR. M. JOSEPTH, SUE NYGREN,**
**J. CARLSON, and LINDA K.,**
      Defendants.[1]

## DECISION AND ORDER

Plaintiff Rick L. Edwards, a state prisoner at all times relevant, filed this pro se civil rights complaint under 42 U.S.C. § 1983. On February 17, 2006, I granted plaintiff's motion to proceed in forma pauperis. This matter comes before me on the following applications: (1) plaintiff's motion for judgment; (2) plaintiff's motion to appoint counsel; (3) plaintiff's motion to dismiss parties; (4) plaintiff's request to amend the complaint; (5) plaintiff's petition for writ of habeas corpus ad testificandum; and (6) defendants' motion to dismiss.

### I. PLAINTIFF'S MOTION FOR JUDGMENT

Plaintiff requests that I enter judgment in his favor because defendants failed to timely file a form indicating whether they would consent to proceed before a U.S. Magistrate Judge. The consent form provides that it must be "returned to the clerk of court within twenty (20) days from its receipt." (Doc. # 23). Defendants were served with a service packet (which includes the consent form) on March 24, 2006. On that same date, defendants filed a consent form indicating their refusal to consent to proceed before a magistrate judge.

---

[1]Defendant M. Josepth has been identified as Dr. Manuel Joseph. (Mar. 24, 2006, Waiver of Service of Summons). Defendant J. Carlson has been identified as Jean Carlson. Id. Defendant Linda K. has been identified as Linda Karaszewski. Id.

Therefore, defendants did not fail to timely file a consent form. Accordingly, plaintiff's motion for judgment is denied.

## II. PLAINTIFF'S MOTION TO APPOINT COUNSEL

Plaintiff has requested that counsel be appointed to represent him in this action. As grounds for his request, plaintiff states: (1) he has attempted to secure counsel on his own; (2) denying him appointed counsel would be unfair; (3) he lacks legal training; and (4) the issues in this case are complex. (Mot. to Appoint at 1-2). A review of the docket reveals that this is effectively plaintiff's third motion to appoint counsel. As noted in Magistrate Judge Gorence's orders of January 4 and February 17, 2006, indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir. 1992); McKeever v. Israel, 689 F.2d 1315, 1318 (7th Cir. 1982). And while the court is authorized to request an attorney to represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(e)(1), the threshold inquiry under § 1915(e) is whether plaintiff has made a reasonable, but unsuccessful, effort to retain counsel on his own. Id. at 1073. If plaintiff has made no effort to secure counsel, the motion must ordinarily be denied outright. Id.

In this case, plaintiff has satisfied the threshold inquiry and shown that he has attempted to obtain legal counsel on his own. Specifically, he has submitted the names of several law firms that have declined to represent him in this matter. My inquiry, however, does not end here. Once plaintiff has shown that he has made reasonable efforts to secure counsel, the court, in exercising its discretion, must address the following question: given the difficulty of the case, does this plaintiff appear to be competent to try the case himself

and, if not, would the presence of counsel likely make a difference in the outcome of the case. Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993).

The issues in this case appear at this stage to be straightforward and uncomplicated. Plaintiff is proceeding on three narrow claims (due process, medical care and conspiracy). Further, his filings thus far indicate that he is capable of litigating this case himself. Therefore, at this time, the court does not believe that the presence of counsel is likely to make a difference in the outcome of this case. Accordingly, I will deny plaintiff's motion for appointment of counsel without prejudice.

### III. PLAINTIFF'S MOTION TO DISMISS DEFENDANTS

On August 8, 2006, plaintiff filed a motion to dismiss defendants Lynda Karaszkewski and June Carlson. In support of his request, plaintiff states that these defendants did not violate his constitutional rights. Defendants do not object to plaintiff's request. Thus, I will grant plaintiff's motion and dismiss defendants Karaszkewski and Carlson from this action.

### IV. PLAINTIFF'S REQUEST TO AMEND THE COMPLAINT

Plaintiff has requested permission to amend his complaint to name additional defendants. The Local Rules provide that any party seeking a motion to amend must attach to the motion a copy of the proposed amended pleading. Civil L.R. 15.1 (E.D. Wis.). Here, plaintiff has not submitted a copy of the proposed amended complaint. It is important even for pro se petitioners to comply with the procedural demands of the court, especially if they seek to add new claims. Accordingly, I will deny plaintiff's request to amend the complaint without prejudice.

3

If plaintiff wishes to file an amended complaint, he must do so within 45 days of the date of this order. However, he will be required to file an amended complaint which complies with Civil L.R. 15.1. Such an amended pleading must be complete in itself and not contain any references to prior pleadings. The amended complaint will be screened pursuant to 28 U.S.C. § 1915A.

## V. PLAINTIFF'S PETITION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM

Plaintiff has requested that I issue a writ of habeas corpus ad testificandum because it will be necessary for him to testify in this case. At this stage of the proceedings, it is unclear whether plaintiff will be required to be released from prison in order to appear before this court. Indeed, defendants' motion to dismiss is currently pending. Therefore, plaintiff's motion is premature. Accordingly, his petition for writ of habeas corpus ad testificandum shall be denied.

## VI. DEFENDANTS' MOTION TO DISMISS

Defendants filed a motion to dismiss this action on April 21, 2006. Under the applicable procedural rules, plaintiff's response to that motion should have been filed on or before May 22, 2006. Briefing schedules are set forth in Civil L.R. 7.1 (E.D. Wis.). Parties are expected to comply with the procedures and dates specified in the rule without involvement of the court.

Upon due consideration, I will allow the plaintiff to file a response to defendants' motion on or before **January 26, 2007.** Plaintiff is hereby advised that, if he fails to file any response to defendants, motion by **January 26, 2007**, this action may be dismissed for

lack of prosecution, with prejudice, pursuant to Civil L.R. 41.3 (E.D. Wis.) (copy enclosed) and Fed. R. Civ. P. 41(b).

As a final matter, in a letter of April 12, 2006, plaintiff charged defendants with violating Fed.R.Civ.P. 5. (Pl.s' Letter of Apr. 12, 2006, at 1). Specifically, he states that defendants sent him a medical release form that was not also filed with the court. Contrary to plaintiff's assertion, parties may conduct discovery without filing their discovery requests with the court. Further, it appears that plaintiff subsequently authorized the release of his medical records. (June 12, 2006, Letter from AAG Keckhaver). Thus, plaintiff's allegations do not warrant further discussion.

**THEREFORE, IT IS ORDERED** that plaintiff's motion for judgment (Docket #26) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket #27) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to dismiss defendants (Docket #39) is **GRANTED.**

**IT IS FURTHER ORDERED** that defendants Lynda Karaszkewski and June Carlson are dismissed from this action.

**IT IS FURTHER ORDERED** plaintiff's request to amend the complaint (Docket #37) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's petition for writ of habeas corpus ad testificandum (Doc. #30) is **DENIED.**

Dated at Milwaukee, Wisconsin, this 26 day of December, 2006.

/s
LYNN ADELMAN
District Judge

6

**Civil L.R. 41.3 (E.D. Wis.) Dismissal for Lack of Diligence**

Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action, the Court may enter an order of dismissal with or without prejudice. Any affected party can petition for reinstatement of the action within 20 days.

7

Case 2:05-cv-01206-LA   Filed 12/27/06   Page 7 of 7   Document 41