# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RICK L. EDWARDS,**
     **Plaintiff,**

    v.                                                                           Case No. 05-C-1206

**DR. M. JOSEPTH,**
**and SUE NYGREN,**
     **Defendants.**

## DECISION AND ORDER

Plaintiff, Rick L. Edwards, filed this pro se civil rights complaint on November 17, 2005. Subsequently, on August 28, 2006, plaintiff passed away. Defendants filed a notice of suggestion of death on the record under Fed. R. Civ. P. 25(a) on April 17, 2007.

At issue is whether to dismiss this case for the failure to file a timely motion for substitution pursuant to Rule 25(a)(1). A motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4. Fed. R. Civ. P. 25(a)(1). Once the death of a party is properly suggested on the record, any party, successor or representative of the deceased has 90 days to file a motion for substitution. Id. If no motion for substitution is made, the action shall be dismissed as to the deceased party. Id.

While defendants are not required to identify in the suggestion of death the plaintiff's successor or legal representative, see Unicorn Tales, Inc., v. Banerjee, 138 F.3d 467, 470 (2d Cir. 1998), they must trigger the 90 days by serving the suggestion of death on plaintiff in the same manner as a motion for substitution, in accordance with Rule 25(a). See

Chobot v. Powers, 169 F.R.D. 263 (W.D.N.Y. Nov. 19, 1996). Review of the docket in this case indicates that defendants did not attempt to effectuate the required service of the April 17, 2007, suggestion of death. By not serving the suggestion of death on the plaintiff pursuant to Rules 25(a) and 5, such as by serving the plaintiff at his last known address, the defendants failed to trigger the 90 day period. Fed. R. Civ. P. 25(a)(1).

I find, therefore, that defendants' April 17, 2007, suggestion of death on the record is deficient for purposes of Rule 25(a)(1). Accordingly, I decline to dismiss this case on grounds that no motion for substitution has been filed. Defendants are advised that they may re-file a suggestion of death on the record, including the proper service. In the meantime, I will stay the case.

## CONCLUSION

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that defendants' April 17, 2007, suggestion of death on the record is deficient for purposes of Rule 25(a)(1).

**IT IS FURTHER ORDERED** that this matter is **STAYED** pending the filing of a suggestion of death by defendants.

**FINALLY, IT IS ORDERED** that defendants report to the court on the status of their efforts no later than **November 16, 2007.**

Dated at Milwaukee, Wisconsin, this 14 day of August, 2007.

/s_____
LYNN ADELMAN
District Judge